IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

AMANDA MAE BACHMAN,

       Petitioner,

v.                                   Case No. 2:17CR 15
                                   Case No. 2:19CV 39

UNITED STATES OF AMERICA,

       Respondent.

UNITED STATES MOTION TO DISMISS
§ 2255 MOTION

The United States moves to dismiss Bachman's § 2255 motion [Doc. 874] without an evidentiary hearing and with prejudice.   Bachman wants her sentence vacated; but the record and counsel's affidavit and exhibits conclusively show that she is not entitled to relief.   She raises 2 issues:

A.     Was her lawyer ineffective for failing to file a requested appeal?

B.     Was her lawyer ineffective for giving bad sentencing guidelines advice?

**Procedural Background and Facts**

1.     Bachman—a college educated defendant[1]—pled guilty to conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(a) and §841(b)(1)(A).   In paragraph 12 of her plea agreement [Doc. 509], she stipulated to a two-

---

1 See PSR, para. 114.

level guideline increase under U.S.S.G. § 2D1.1(b)(1) because a firearm was possessed, and acknowledged a role-in-the-offense dispute under U.S.S.G. § 3B1.1.   In paragraph 16, she waived her right to appeal.

      2.     At the change of plea hearing, the government summarized the firearm increase, the role-in-the-offense dispute, and Bachman's appellate waiver.   Bachman told the magistrate judge that she sufficiently discussed each plea agreement paragraph with her lawyer, signed each page, and had no questions.   The magistrate judge found that Bachman understood and agreed with the plea agreement terms.   Tr. Change of Plea Hearing, p. 14, 16.

      3.     The magistrate judge asked Bachman seven questions about her appellate waiver; and seven times Bachman said "yes," she understood.   She said she discussed it with her lawyer, and wanted to waive the right to appeal her sentence and conviction.   The magistrate judge warned Bachman that the sentence imposed may be different from her lawyer's estimate.   She told the court that knowing all these things, she still wished to plead guilty.   Tr. Change of Plea Hearing, p. 26, 29-31, 35.

      4.     The PSR gave Bachman two levels for the firearm and—resolving the dispute against her—four levels for her role in the offense.   PSR, para. 59, 61.   At sentencing, Bachman said that she reviewed the PSR with her lawyer.   Her lawyer said there were no disputed issues.   The court accepted the PSR without changes and announced its tentative findings that—consistent with the PSR—included the firearm

increase and the role-in-the-offense increase.   Bachman's lawyer said she had no objections.   Bachman gave a meaningful allocution; but she did not comment on the court's guideline findings.   Tr. Sentencing Hearing, p. 3-4, 8-9.

5.      The court applied the firearm increase and the role-in-the-offense increase, and, after an unrelated downward departure, sentenced Bachman to a within-guideline sentence of 135 months.   The court reminded Bachman of her appellate waiver.   Tr. Sentencing Hearing, p. 13.

6.      Bachman did not appeal and there is no place in the record where she expressed any interest in filing an appeal.

7.      In response to this court's order [Doc. 876], Bachman's lawyer submitted an affidavit [Doc. 894] with attachments from his file.   He avers with detailed chronology that he discussed with Bachman the plea agreement's § 2D1.1(b)(1) two-level firearm stipulation; the government's intent to argue for a § 3B1.1 role-in-the-offense guideline increase; and her sentencing exposure.   He swears that at no time did Bachman ask him to file a notice of appeal.

**Did trial counsel fail to file a requested appeal?**

8.      Even when a defendant waives her appellate rights, a lawyer who fails to file an explicitly requested appeal has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to a delayed appeal.  *Garza v. Idaho*, 139 S. Ct. 738 (2019).

9.      Bachman asserts that she timely asked her lawyer to file an appeal.   Her lawyer asserts that she didn't.   She has the burden to prove by a preponderance of the evidence that she is correct and her lawyer is incorrect.   She requests an evidentiary hearing to prove her assertion.   In the First Circuit, evidentiary hearings on § 2255 motions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that a hearing is warranted.   *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003).   I don't see that language in Fourth Circuit opinions, but under § 2255(b) a hearing is not required if the files and records of the case conclusively show that the defendant is not entitled to relief.   That is, a hearing is required only when there is a genuine basis for it.   *United States v. Baysden*, 326 F.2d 629, 632 (4th Cir. 1964).

10.      The contradictory assertions leave the weight of the evidence at 50-50—just shy of Bachman's preponderance-of-the-evidence burden.   But Bachman's assertion is cursory while her lawyer's affidavit is detailed and supported by documents from his file. Also, the district court record weighs heavily against Bachman:   In her plea agreement, Bachman waived her right to appeal; at her change of plea hearing, Bachman said understood and wanted to waive her right to appeal; at her sentencing hearing, Bachman did not respond when the court reminded her that she waived her right to appeal.   No place in the record did Bachman express an interest in changing her mind.   Therefore, although Bachman's § 2255 motion is facially adequate, it is refuted by her statements in the record and counsel's affidavit and file documents.

**Was Bachman's lawyer ineffective for giving bad Guideline advice?**

11.     Bachman asserts that her lawyer was ineffective for failing to explain two sentencing guideline provisions discussed in her plea agreement that increased her sentence:   1) a two-level increase under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm and 2) a four-level increase under § 3B1.1 for her role in the offense.   Her argument fails for two reasons:   First, she cannot meet her burden of proof—by a preponderance of the evidence—because her statements in the record belie her assertion.   Second, to the extent that she argues the court made incorrect guideline findings, she procedurally defaulted by not raising these arguments on direct appeal.

12.     In her plea agreement, Bachman stipulated to a two-level firearm increase and she acknowledge a role-in-the-offense dispute.   The stipulation and acknowledgement were discussed at the change of plea hearing.   Bachman said she discussed each plea agreement paragraph with her lawyer, signed each page, and had no questions.   The magistrate judge found that Bachman understood and agreed with the plea agreement terms.

13.     Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.   *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003).   In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily

relies on allegations that contradict the sworn statements. *United States v. Lemaster*, 403 F3d. 216, 221 (4th Cir. 2005). Bachman's assertion contradicts her sworn statements and there are no extraordinary circumstances.

14.     To the extent that Bachman argues—in her memorandum [Doc. 874-1]—that the court made incorrect guideline findings, she procedurally defaulted by not raising these arguments on direct appeal. *Bousley v. United States*, 118 S.Ct. 1604 (1998) (Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause or actual prejudice, or that he is actually innocent).

WHEREFORE, the United States asks that Bachman's 2255 motion be dismissed without a hearing and with prejudice.

<div style="margin-left: 40%;">

Respectfully,

UNITED STATES OF AMERICA
William J. Powell,
United States Attorney
Northern District of West Virginia

/s/ Stephen Warner
Assistant U. S. Attorney
P. O. Box 190
Elkins, WV 26241
Tel: (304) 636-1739
steve.warner@usdoj.gov
WV State Bar # 5900

</div>

CERTIFICATE OF SERVICE

I filed the foregoing using the Clerk's CM/ECF filing system, which will send notice to defense counsel.   We will mail a copy to Bachman via her prison warden.

Respectfully,

/s/ Stephen Warner
Assistant United States Attorney