IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

CASE NO: 2:17 CR 15

VS

2:19 CV 39

AMANDA BACHMAN.

### PETITIONER'S RESPONSE AND OBJECTIONS TO THE GOVERNMENT, PURSUANT TO 2255.

The Petitioner Amanda Bachman files this response and objects to the government's characterization of the previous preceding without offering any details on what was actually said or understood.

First, the government offers no proof whatsoever, that Bachman's previous attorney consulted her about an appeal. Amanda Bachman affirmative states in her 2255 that she instructed her attorney to file a direct appeal and he did not. Instead, the government relies upon the affidavit of her previous attorney, when he indicates that Bachman never requested an appeal. This is a conflict with competing interpretations and requires an evidentiary hearing. Instead the government attempts to get around the law by asking the court to rely on her (7) previous affirmations during the Rule 11 colloquy when the court discussed her appeal waiver. He doesn't provide a record of the transcript, doesn't show whether Bachman had questions or any conversation the court held with Bachman, nor is there enough detail on what Bachman instructed her attorney to do after sentencing.

In Garza v Idaho, the Supreme Court held that Flores-Ortega's 528 U.S. 470 presumption of prejudice applies regardless of whether a defendant has signed an appeal waiver. The court went on to say that "prejudice is presumed" in certain Sixth Amendment contexts such as "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken". Flores-Ortega, 528 U.S. at 484. The Court further articulated that the Garza case hinges on appeal waivers and notices of appeal and states: "No appeal waiver serves as an absolute bar to all appellate claims". Amanda Bachman is entitled to an evidentiary hearing on this issue, because the record currently conflicts, the government is incorrect to suggest that she understood the nature of the waiver, or to attempt to suggest that she should be held to a different standard because she is a "college educated" defendant. There is nothing in our great nations Constitution that suggest that 'college educated' defendants should be held to a higher standard of understanding of legalese.

The government offers no defense for Bachman's other claims, he relies completely on the Rule 11 colloquy. He doesn't address the fact that Bachman had no clear understanding of what "stipulating to…" meant within the context of her plea agreement. She was completely misled on the length of her sentence she was "stipulating to…" and her attorney lied to Bachman and her mother concerning the length of her incarceration. There is no getting around those facts, because Bachman's mother can testify to what her attorney stated to coerce her into the plea agreement, in other words, there is a witness to these facts.

The government also states that Bachman has no arguable claims for a direct appeal. It is not up to the government to determine the merits of a successful direct appeal. That falls to her attorney, not the opposition. Bachman has legitimate issues to argue in a direct appeal. Nearly all the enhancements received are arguable on direct appeal and Bachman makes meritorious arguments within 2255, which the government does not address.

For these reasons the Petitioner Amanda Bachman request this Honorable Court **to HOLD an EVIDENTIARY HEARING** and allow Bachman to prove her case.

Respectfully Submitted

*Amanda Bachman* 10-4-19
Amanda Bachman # 12258-087
SFF-Hazelton
PO Box 3000
Bruceton Mills, WV 26525

## CERTIFICATE OF SERVICE

The above motion was filed in the US Court, and a copy mailed to AUSA William Powell, at PO Box 190, Elkins, WV 26241 on October 4, 2019.

*Amanda Bachman* 10-4-19
Amanda Bachman/ Date