# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA
# Elkins

**AMANDA MAE BACHMAN,**

        Petitioner,

v.                          **CIVIL ACTION NO. 2:19-CV-39**
                           **CRIMINAL ACTION NO. 2:17-CR-15-1**
                           Judge Bailey

**UNITED STATES OF AMERICA,**

        Respondent.

## ORDER DISMISSING PETITION

On July 15, 2019, petitioner, an inmate incarcerated at SFF Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 874].[1] On July 19, 2019, Magistrate Judge James P. Mazzone entered an Order directing the Government to respond to petitioner's § 2255 motion [Doc. 876]. The Government then filed its Motion to Dismiss § 2255 Motion on September 12, 2019. [Doc. 902]. In response, petitioner filed Petitioner's Response and Objections to the Government, Pursuant to 2255. [Doc. 907]. Having been fully briefed, the § 2255 petition and the motion to dismiss are now ripe for decision. For the reasons stated below, this Court will dismiss the petition.

## BACKGROUND

On February 2, 2018, pursuant to a plea agreement, petitioner entered a plea of

---

[1] Unless otherwise noted, all references to documents in the record refer to the docket in Criminal Action No. 2:17-CR-15.

1

guilty to Count One of the superseding indictment, conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a) and 841 (b)(1)(A). *See* [Docs. 509, 514]. In the plea agreement, petitioner waived her right to appeal "any order, the conviction, the sentence and the manner in which the sentence was determined on any ground whatsoever," as well as a limited waiver of her right to collaterally attack her conviction or sentence under 28 U.S.C. § 2255. [Doc. 509 at 6]. On December 11, 2018, petitioner appeared before this Court for sentencing; this Court sentenced petitioner to 135 months of imprisonment. [Doc. 792]. Bachman did not file an appeal.

In her petition, Bachman challenges her sentence based on ineffective assistance of counsel. She raises three grounds for ineffective assistance: first, that her counsel was ineffective by failing to file an appeal despite being directed to do so. [Doc. 874 at 4]. Second, that her counsel was ineffective by failing to properly instruct petitioner that she was stipulating to an enhancement for possessing a firearm. [Id. at 5]. Third, that her counsel was ineffective by failing to inform her or failing to object to a sentencing enhancement for her leadership role. [Id. at 7].

At the Court's direction, petitioner's counsel during her criminal proceedings, Scott A. Curnutte, filed an affidavit addressing petitioner's allegations. [Doc. 894]. Therein, Curnutte states that Bachman did not ask him to file an appeal and that he discussed with her the sentencing enhancements, which were both discussed in the plea agreement.

On September 19, 2019, the Government filed a response to the petition, styled as the United States Motion to Dismiss § 2255 Motion [Doc. 902]. The Government frames the petition as raising two questions: first, was petitioner's counsel ineffective in failing to file an appeal, and, second, was petitioner's counsel ineffective for giving bad sentencing

2

guidelines advice? [Doc. 902 at 1]. On both questions, the Government argues that Bachman cannot meet her burden of showing that her counsel was ineffective. Further, to the extent that her second and third grounds are arguing that the Court made incorrect guideline findings, the Government argues those arguments are barred by not raising them on appeal. [Id. at 5].

On October 11, 2019, petitioner filed a reply. There, Bachman argues that this Court should hold an evidentiary hearing because there is conflict between her assertions and her counsel's affidavit. [Doc. 903 at 1]. She further asserts that she was misled by her attorney as to the sentence she was stipulating to and that she "has legitimate issues to argue in a direct appeal." [Id. at 2].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id.* (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the

sentence." *Id.* (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id.* (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## DISCUSSION

When a petitioner brings an ineffective assistance of counsel claim, counsel's conduct is measured under the two-part analysis in *Strickland v. Washington*, 466 U.S. 668 (1984). "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "'Deficient performance' is not merely below-average performance; rather, the attorney's actions must fall below the wide range of professionally competent performance." *Griffin v. Warden, Maryland Corr. Adj. Ctr.*, 970 F.2d 1355, 1357 (4th Cir. 1992).

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. In order to demonstrate prejudice, petitioner must show that but for her attorney's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance, or strategic choice. *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Here, none of petitioner's arguments can satisfy the test in *Strickland*.

## A. Failure to file an appeal

The first ground petitioner raises is that her counsel was ineffective because he failed to file an appeal. In her memorandum in support of her petition, she states that she instructed her attorney to file an appeal immediately after her sentencing. [Doc. 874-1 at 10]. As the Government summarized, "[e]ven when a defendant waives her appellate rights, a lawyer who fails to file an explicitly requested appeal has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to a delayed appeal." [Doc. 902 at 3] (citing *Garza v. Idaho*, 139 S.Ct. 738 (2019)). On July 19, 2019, the Court issued an order directing Scott A. Curnutte, Bachman's counsel during her criminal proceedings, to provide an affidavit responding to petitioner's claims of ineffective assistance. [Doc. 876]. Curnutte filed his sworn affidavit on August 22, 2019. [Doc. 894]. Therein, he states:

22. The sentencing hearing for Amanda Bachman concluded about 10:20 am [on December 11, 2018].

23. I do not normally visit detained clients at the courthouse following a sentencing hearing.

24. My notes do not reflect that I visited Amanda Bachman at the courthouse following the sentencing hearing.

25. On 11 December, I was scheduled to appear in the Family Court of Randolph County, West Virginia, at 11:30 am in civil action 18-D-196.

26. My client was scheduled to arrive at the Family Court at 11:00 am. I recall being irked that he was late. I have that specific recollection because that client was late to every single hearing in that case.

5

> 27. Because of the foregoing – that I do not normally visit detained clients at the courthouse following a sentencing hearing; I do not have billing records or notes reflecting such a visit; and I had a meeting followed by a hearing in a different court shortly after the sentencing hearing – I believe I did not communicate with Amanda Bachman immediately following the sentencing hearing.
>
> 28. Neither Amanda Bachman nor her mother Sue Hamrick contacted me after the sentencing hearing for any purpose.
>
> 29. Amanda Bachman did not ask me to file a notice of appeal on her behalf at any time before or after the sentencing hearing.

[Doc. 894 at 5].

Petitioner has produced no credible evidence demonstrating that she requested that her counsel file a direct appeal. As part of this argument, petitioner also contends that she

> was not fully aware and understood her appeal waiver when she entered into it. The court questioned her on her willingness to plead guilty and instructed her of her rights, and then instructed her of what she was waiving. However, the rule 11 colloquy does not discuss how sentencing enhancements work.

[Id. at 9]. Because this leads into petitioner's arguments regarding sentencing enhancements, the Court will address this below.

## B. Gun enhancement

The second ground Bachman raises is that her counsel was ineffective "when he failed to challenge the gun enhancements at the time of sentencing." [Doc. 874-1 at 11]. At her sentencing, Bachman received a two-level increase under § 2D1.1(b)(1) of the

6

Guidelines for possessing a firearm. Bachman contends that her counsel should have objected to this enhancement at sentencing because the firearm was not related to the drug offense. [Doc. 874-1 at 11–12].

This Court finds that counsel's performance was not deficient in failing to object to the § 2D1.1(b)(1) enhancement. As referenced above, petitioner signed a plea agreement in this case. That plea agreement included the following: "Pursuant to Guideline 2d1.1(b)1) (sic) there is a 2 level increase because a firearm was possessed." [Doc. 509 at 5]. Bachman signed each page of the plea agreement, including that page. [Id.]. At Bachman's plea hearing, counsel for the Government, Sarah Wagner, summarized the plea agreement, including: "Paragraph 12 sets forth that the parties agree that Ms. Bachman's base offense level is 32, and there is a two-level increase because a firearm was possessed." [Doc. 895 at 10–11]. Under oath, the petitioner confirmed that each of the paragraphs of the plea agreement was discussed with her before she signed it and that she understood what the plea agreement did. [Id. at 13–14]. Given that petitioner clearly and unambiguously agreed to the two-level enhancement for possessing a firearm, the Court finds that her counsel was not ineffective by failing to object to the enhancement.

## C. Leadership Role

Finally, Bachman contends that her counsel was ineffective "when he failed to explain to Amanda Bachman that she was stipulating to a four point enhancement for leadership role." [Doc. 874-1 at 13]. She argues that there is no basis for this enhancement as "there is nothing in the PSR that states she managed, directed or instructed individuals to perform at her direction or on her behalf." [Id.]. At her sentencing, this Court stated that, as outlined in the presentence report, there was a four-level

7

enhancement for organizer or leader of criminal activity, to which defense counsel raised no objection. [Doc. 896 at 4–5]. Petitioner now contends that her counsel should have objected to the enhancement, and but-for this omission the result of the proceeding would have been different. This Court notes that at the time of sentencing, this Court noted that in reaching its decision it had considered that Ms. Bachman "had a leadership role in the conspiracy. She had numerous drug dealers under her command. And she's directly responsible for pounds of crystal methamphetamine being brought into the area." [Doc. 896 at 12]. The Court finds that counsel's decision not to object to the leadership role enhancement was reasonable under the circumstances. See *Strickland*, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic decisions must be respected in these circumstances if they are based on professional judgment.") (citation omitted). Further, even if petitioner could show that her counsel's performance was deficient in failing to object, she has put forward no reason for this Court to conclude *either* that the Court would have sustained the objection and altered the total offense level *or* that an altered offense level would have ultimately resulted in a lower sentence.

## CONCLUSION

For the reasons stated above, the respondent's Motion to Dismiss [**Civ. Doc. 3/Crim. Doc. 902**] is hereby **GRANTED**. Accordingly, the Court **ORDERS** that the § 2255 petition [**Civ. Doc. 1/Crim. Doc. 874**] be **DENIED** and **DISMISSED WITH PREJUDICE**. Insofar as the Petitioner's Response [**Crim. Doc. 907**] is a motion for an evidentiary

8

hearing, it is **DENIED**. The Court further directs the Clerk to enter judgment in favor of respondent and **STRIKE** this matter from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* petitioner.

**DATED**: February 22, 2021.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**