IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.	        **Crim. Action No. 2:17-CR-15-1**
        Judge Bailey

**AMANDA MAE BACHMAN,** a/k/a "AB,"

        Defendant.

## ORDER

Pending before this Court is defendant's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Doc. 1119].

On February 2, 2018, Ms. Bachman pled guilty to conspiring to distribute methamphetamine pursuant to 21 U.S.C. § 841(b)(1)(A), which carries a ten-year mandatory minimum sentence. She was sentenced to 135 months, to be followed by five (5) years of supervised release. She is currently serving her sentence at FCI Danbury, with a projected release date of September 30, 2026.

Bachman received Guideline enhancements for involving a teenager in her offense and for being a conspiracy leader. During the investigation, drugs and firearms were seized from Bachman's home and some co-defendants were very violent; but Bachman was non-violent. In addition, Bachman cooperated with investigators and was given a Guideline § 5K1.1 downward departure for her cooperation. She received a death threat for cooperating.

Bachman seeks compassionate release to care for her juvenile daughter and because, she alleges, she was a sexual abuse victim, by a BOP employee, while she was an inmate at FMC Lexington in the Spring of 2023.

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. Indeed, "[a] movant for compassionate release bears the burden of showing why the § 3553(a) factors justify a modified sentence." *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D. N.M. 2019) (Johnson, C.J.) (citations omitted).

"[T]he district court enjoys broad discretion in conducting a § 3582(c)(1)(A) analysis." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021). Still, "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 Fed.App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)).

United States Sentencing Guidelines § 1B1.13(b)(3)(C) establishes the applicable policy statement, titled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)." Amendments to the Policy Statement took

2

effect on November 1, 2023, which made it expressly applicable to defendant-filed motions under § 3582(c)(1)(A). Importantly, a court must ensure that any sentence reduction "is consistent with" the Policy Statement's provisions. 18 U.S.C. § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) provides: "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."

The Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Section 1B1.13(b) identifies the "extraordinary and compelling reasons" that may justify compassionate release and states in pertinent part:

> (b) Extraordinary and Compelling Reasons.–Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> . . .
>
> (3) Family Circumstances of the Defendant.–
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable

3

of self-care because of a mental or physical disability or a medical condition.

. . .

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.–The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

(A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or

(B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provisio18 n, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are

unduly delayed or the defendant is in imminent danger.

In this case, the alleged perpetrator of the sexual abuse is no longer employed with the BOP. This factor alone demonstrates that Bachman has established extraordinary and compelling grounds for compassionate release. But the answer is not that simple. After the sexual abuse was discovered, in February 2024, the BOP discharged Bachman to a halfway house in Clarksburg, West Virginia. While there, Bachman worked at a local restaurant, had time with her family; but tested positive for Suboxone, deleted a text message (in violation of the rules), and had an unauthorized lunch with a friend. The BOP revoked her halfway-house privilege and returned her to FCI Danbury where she is today.

One of the applicable factors that this Court is to consider is the § 3553 factors. One of those factors states in part "to provide the defendant with . . . correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). This Court finds that Bachman's poor performance when allowed to move to a halfway house militates against her release at this time.

Accordingly, defendant's *pro se* Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [**Doc. 1119**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the defendant.

**DATED**: April 9, 2025.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE